```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
```

|                       |                              |
|-----------------------|------------------------------|
| VIRGIL RIVERS,        | HONORABLE JEROME B. SIMANDLE |
|        Petitioner, | Civil Action |
|   v.        | No. 17-10239 (JBS)           |
| DAVID ORTIZ,          | **OPINION**                  |
|        Respondent. |    |

APPEARANCES:

Virgil Rivers, Petitioner pro se
#81378-158
FCI Fort Dix
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

**SIMANDLE, U.S. District Judge:**

    1. Virgil Henrik Jr. Rivers Bey, a federal prisoner confined at FCI Fort Dix, New Jersey, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petition, Docket Entry 1.

    2. Petitioner alleges he is being unlawfully confined at FCI Fort Dix "under involuntary servitude labor with the inmate population incarcerated on conviction of terrorism and drug trafficking from inside countries of Mexico and South America." *Id.* at 2.

3. He stated he is being held against his will "as a (Kidnap Hostage)" after being arrested by New York Police Department officers on September 29, 2003. *Id.* ¶ 1.

4. Petitioner asked what was happening, and the officer responded that Petitioner "was being seize[d] for committing a crime!" *Id.* He then alleges he was taken to a basement with a cage-like structure and was placed in a room "full [of] foreien [sic] born Alien Vietnamese . . . , Mexicans, Iranianes [sic] and Guatemalainas [sic]." *Id.* ¶ 3.

5. Petitioner was then taken before a magistrate. *Id.* ¶ 4.

6. Petitioner claims he is of Moorish-American nationality and cites the Barbary Treaty. *Id.* ¶ 7. He states he has been held hostage for the past fifteen years in violation of the Thirteenth and Fourteenth Amendments. *Id.* ¶ 8.

7. He therefore demands the Court issue a writ of habeas corpus under § 2241.

8. The Court administratively terminated the petition on November 3, 2017 due to Petitioner's failure to use the correct form. Docket Entry 2.

9. On March 23, 2018, Petitioner sent a letter to the Court demanding it issue the writ. Docket Entry 3.

10. On April 10, 2018, the Court again informed Petitioner that he had to fill out the required form and that the matter

would be reopened once the Court received the form. Docket Entry 4.

11. Instead of following the Court's instructions, Petitioner filed a writ of praecipe requesting the Court to serve the petition. Docket Entry 5. Petitioner included his birth certificate as an exhibit.

12. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001).

13. Petitioner brings this petition as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

14. A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

15. Nevertheless, a federal district court must dismiss a habeas corpus petition without ordering an answer if it appears from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

16. Petitioner has failed to comply with the Court's orders to fill out the required form for habeas corpus cases on two occasions. The purpose behind the form is to provide the Court with the information necessary to determine whether an answer to the petition is warranted. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005).

17. "Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' Habeas Corpus Rule 2(c) is more demanding." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (2005)).

18. "Under Habeas Corpus Rule 4, if 'it plainly appears from the petition ... that the petitioner is not entitled to relief in district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Id.*

19. Nothing in the petition as filed warrants an answer from the United States. The Court takes judicial notice of a

judgment of conviction entered in the United States District Court for the Eastern District of New York for conspiracy to commit bank robbery, 18 U.S.C. § 371; bank robbery, 18 U.S.C. § 2113; and unlawful use of a firearm, 18 U.S.C. § 924(c)(1)(A). *United States v. Rivers*, No. CR-03-1120(S-3)-2(FB) (E.D.N.Y. Mar. 10, 2006). At best, the petition is a challenge to the validity of the conviction and Petitioner's continued confinement based on that conviction. This challenge would have to be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).

20. "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

21. There are no facts in the petition suggesting § 2255 is inadequate or ineffective to challenge Petitioner's arrest, conviction, or continued confinement.

22. Because Petitioner has failed to comply with multiple Court orders and his petition does not state a claim for relief under § 2241, the Court will dismiss the petition.

23. An accompanying Order will be entered.

**May 16, 2018**                       **s/ Jerome B. Simandle**
Date                                      JEROME B. SIMANDLE
                                              U.S. District Judge